The plaintiff had recovered judgment against the defendants for a large sum at Spring Term, 1861, of that court. A writ of fi. fa. was immediately issued, and was returned to the next term, having been levied upon certain land. No other execution was issued upon the judgment until May, 1866, when the present scire facias was taken (292) out, returnable to Fall Term, 1866, of that Court, requiring the defendants to show cause why the plaintiff should not have a writ of venditioni exponas to sell the land previously levied upon.
His Honor, pro forma, dismissed the proceeding, and the plaintiff appealed.
The levy vested in the plaintiff a right to have his debt satisfied therefrom, the only mode of enforcing which is a sci, fa.; therefore the ordinance, so far as it destroys this lien, is unconstitutional. Dash v. *Page 235 Vancleek, 7 Johns., 503; 1 Kent, 455; 3 Story Const., sec. 1393; Chesnut v.Shaw, 16 Ohio, 599.
Laws cannot divest rights, under color of dealing with remedies alone.Canal Co. v. R.R. Co., 4 Gill I., 1; Nevil v. Bank of Port Gibson, 6 Sm. M., 513; Barnes v. Barnes, 8 Jon., 366.
At all events, if the writ of scire facias, so far as it removed the disability of dormancy, is rightfully repealed, still it may be used to give notice of a motion for a ven. ex. See sec. 10, ordinance of 23 June, 1866.
The 5th section of the ordinance expressly includes every scire facias
of every kind. Sections 8 and 9 of that ordinance may be unconstitutional, but they show the intent of the Convention in section 5, which is not unconstitutional. Parker v. Shannonhouse, ante, p. 209.
It is against public policy that levies should hold always, as titles to land ought not thus to be secretly clogged.
A sci. fa. cannot be treated as a motion, for it is a suit with regular pleadings and practice.
From the view taken of the question in Mardre v.Felton, ante, 279, it can make no difference whether the order of sale be asked for simply on notice, as in that case, or on what purports to be a writ of scire facias to show cause why a writ of (293)ven. ex. should not issue, as in this. The object is to give the defendant a day in court, in order to show that the judgment has been satisfied; and that is answered as well in the one mode as in the other.
There is error.
PER CURIAM. Judgment reversed, and judgment of procedendo awarded.
Cited: Overton v. Abbott, post., 294.